GAUDIN, Judge.
Michael D. Posey was attempting to run across Jefferson Highway when he was struck by an automobile driven by Jack N. Lee on February 9, 1988. Following a jury verdict in favor of Lee, Posey filed this appeal saying that the trial judge erred:
(1) in allowing jurors to hear evidence of his (Posey’s) criminal record, and
(2) in permitting an unqualified state trooper to give expert testimony regarding the cause of the accident.
Also, Posey contends that the jury was wrong in not finding fault on the part of the motorist.
We affirm the jury’s verdict. The facts and circumstances of this case show clearly Posey’s total disregard for his own safety; further, the testimony and evidence, other than Posey’s unsupported testimony, fail to demonstrate any negligence on Lee’s part.
Jefferson Highway, where the accident occurred, is a wide boulevard with three lanes in each direction, divided by a neutral ground. Lee was driving west in his 1985 Mercury in the lane nearest the neutral ground. He said that there was a traffic build-up and that vehicles, including his, were moving slowly.
Posey, aged 38 at time of trial in February, 1990, testified that he visited friends about noon and that he had “... a couple of beers, stayed about an hour and a half and then left. I had to catch the bus.” Asked how the accident happened, Posey said:
“... when I left their house, I left walking. And I walked up to Jefferson Highway, and I looked both ways, and there was some — there was a car- to my left in the far right-hand lane. If you were going west toward the Huey P. Long Bridge, it would be the far extreme right. And I attempted to cross the street, and in my attempt to cross the street, the car started coming, and then he merged over into the left-hand lane, and about the time I got to the median, he got to me. And then he hit me, and his front of his car hit me, and I spun around, and I fell, and I hit the ground.”
Posey stated that he was two or three feet from the median when hit. Paramedics and police officers came to the scene but Posey gave a fictitious name and refused to be taken to a hospital. The police later drove Posey to his home.
Under cross examination, Posey said that the oncoming automobile he saw in the far right lane was about a block away when he (Posey) started across Jefferson Highway. Posey testified that he was certain the car that injured him was the same one he saw *571 in the right lane. He admitted, however, that he took his eyes off that car and “took off jogging” across the roadway and that he didn’t see that vehicle change lanes.
Posey admitted that after the accident he told a policeman that he saw an auto coming but thought he could beat it across the highway.
Lee said that there were cars in front of him, to his rear and to his right. He was proceeding, he said, about five miles per hour. Lee testified that Posey “darted out” in front of his car.
Immediately after the accident, Lee said, Posey kept repeating that the incident wasn’t Lee’s fault. At the site of the accident, there was no marked crosswalk or any other vehicle control device that would have offered protection to a highway-crossing pedestrian. No eyewitnesses other than Lee and Posey testified at the trial.
John Cromwell, a state police lieutenant, investigated the accident. He said that in the past 18 years he had investigated over 500 automobile accidents. Lt. Cromwell testified that Posey was “moderately intoxicated”, smelled of alcohol and readily admitted that he’d been drinking. Further, Lt. Cromwell remembered that Posey said that he’d seen Lee’s car and ran out in front of it.
Over objection of Lee’s counsel, Lt. Cromwell said that the two factors contributing to the accident were (1) Posey’s running across the highway and (2) Posey’s drinking. Lt. Cromwell described Posey’s injuries as minor.
Lt. Cromwell estimated Lee’s speed as between five and 35 miles an hour. Lee, Lt. Cromwell said, came to a stop close to the point of impact without leaving any skid marks on the road’s surface. Lee said he applied his brakes as soon as he saw Posey.
The jury found no negligence on Lee’s part and dismissed Posey’s claims. We cannot say this was clearly wrong. See Rosell v. ESCO, 549 So.2d 840 (La.1989).
During cross examination, Posey’s criminal record was brought out over objection. Posey’s record included burglary and possession of marijuana charges over 10 years old. Posey argues that under the new Louisiana Code of Evidence, which became effective January 1, 1989, such evidence is inadmissible. Lee contends, on the other hand, that the new code permits the trial judge to apply old rules if the new rules would work an injustice to litigation pending on January 1, 1989.
If the trial judge was wrong (1) in allowing evidence of Posey’s criminal record and (2) in permitting Lt. Cromwell to state which factors, in his opinion, contributed to the accident, and we are not saying the trial judge erred, these alleged errors did not cause Posey to lose. The facts and circumstances of the accident indicate gross negligence on Posey’s part. He admittedly jogged across the highway with at least one vehicle obviously in close proximity. Posey’s argument that the roadway was clear and that Lee should have seen him is totally without corroboration and contrary to all of the evidence except appellant’s unconfirmed and self-serving testimony.
Even under comparative negligence, the jury’s decision to deny any recovery was unequivocally within its discretion.
Posey is to pay costs of this appeal.
AFFIRMED